(No. 1644—)

LUCINDA J. ALLEN, MOTHER OF EDGAR M. ALLEN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

MILLER & SHAPIRO, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

This is a claim instituted by Lucinda J. Allen, mother of Edgar M. Allen, Deceased, to recover compensation under the Workmen's Compensation Act for the death of her son, which occurred on June 16, 1930. · At the time of his injury, the said Edgar M. Allen was employed by the State of Illinois as a laborer on State Route No. 13. While working in the course of his employment setting up road forms for a concrete paving operation near Murphysboro, a dump truck owned and operated by the respondent, which was loaded with gravel, backed in toward a mixing machine used on this highway. At the time, the deceased was bending low, working on the road forms at the point where the dump truck backed in. The driver of the truck did not see this laborer at his work and as he backed the right rear wheel of the dump truck knocked the deceased over against the forms and pinned him beneath the wheels. Just at this time the driver noticed what happened and attempted to drive the truck forward, but in some manner, the truck rolled back onto the injured laborer, and he died from the injuries thus received at St. Andrew's Hospital at Murphysboro where he had been taken.

There seems to be no dispute as to the material facts concerning this accident.

The deceased had been employed steadily by the Department of Highways for one year prior to the accident. The evidence further shows that during this period of time, he had helped to support his mother, who was past seventy years of age.

Claimant was injured. while working as a laborer setting up road forms for concrete paving on a State highway, and his injury arose out of and in the course of his employment which is classified as extra-hazardous under the Workmen's Compensation Act.

*Claude G. Van Hoorbeke* vs. *State,* 5 C. C. R. 337.

The deceased, Edgar M. Allen, had contributed $40.00 per month toward the support of his mother, Lucinda J. Allen, the claimant herein. He had worked a year prior to the acci-

dent and received as pay approximately $26.53 per week. The evidence tends to show that the claimant was not totally dependent upon the earnings of her son, Edgar M. Allen. She has six children now living, the youngest of them being thirty-five years of age.

We believe the claimant is entitled to compensation and that the compensation which should be paid comes under section 7(c) considering the fact that the claimant was partially dependent upon the support of the deceased.

The claimant, therefore, is awarded the sum of One Thousand Seven Hundred Fifty Dollars ($1,750.00) in full compensation for the injury sustained by her son, Edgar M. Allen, and this court recommends that she be allowed this sum.